IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CV-260-F

| | |
|---|---|
| THE ESTATE OF GEENA GEE BRATTON )<br>by and through its successor-in-interest )<br>GEORGE ANDREW BRATTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES JUSTICE )<br>DEPARTMENT OF JUSTICE, an Business )<br>Entity or Governmental Agency; U.S. )<br>ATTORNEY GENERAL ERIC HOLDER, )<br>an Individual-Officer Capacity; ALISON N. )<br>BARKOFF an Individual-Officer Capacity; )<br>JOY LEVIN WELAND, an Individual- )<br>Officer Capacity; THE DISABILITY )<br>RIGHTS NORTH CAROLINA )<br>ORGANIZATION, an Business Entity or )<br>Governmental Agency; and DOES 1-100, )<br>inclusive )<br>)<br>Defendants. ) | **ORDER** |

This matter is before the court on the Proposed Plaintiff's Motion: Extraordinary Circumstances For Appointment of Counsel & Temporary Restraining Order & Preliminary Injunction [DE-4] and the Proposed New "Boomshell" [sic] Evidence in Support of: Extraordinary Circumstances Evidence Hearing [DE-5] filed by the *pro se* Plaintiff George Andrew Bratton as successor-in-interest to the Estate of Geena Gee Bratton.

Bratton initiated this action by filing an Application to Proceed in District Court Without Prepaying Fees or Costs [DE-1] ("IFP Application"), seeking to file a complaint asserting eight claims on behalf of the Estate of Geena Gee Bratton, arising out of the death of Ms. Bratton, along with a motion for a temporary restraining order [DE-1-16]. In an order filed on June 19,

2015 [DE-2], the court observed that in the proposed complaint, Mr. Bratton explicitly references an action he filed in the United States District Court for the Western District of North Carolina, *Bratton v. United States Department of Justice*, 1:15-cv-0037-MR-DLH. In that court, Mr. Bratton filed an IFP application and a proposed complaint that is substantially similar to the proposed complaint in the instant action, in that all of the claims were being "asserted by the Plaintiff in his capacity as the purported personal representative of his daughter's estate ("Estate")." *Bratton v. United States Dep't of Justice*, 1:15-cv-0037-MR-DLH, slip. op. at 2 (W.D.N.C. March 2, 2015). The Western District court observed that (1) Mr. Bratton failed to submit any evidence showing that he had been appointed as personal representative of the Estate and (2) the proposed complaint indicated that another person was appointed as personal representative of the Estate. Accordingly, the Western District opined that Mr. Bratton's "claimed status as the designated personal representative of the Estate may be in question." *Id.*

The Western District also observed that many courts have held that "where an administrator or executor is not the sole beneficiary or where the estate has creditors, then he or she may not represent the estate *pro se* in federal court." *Id.* at 3 (citing *Malone v. Neilson*, 474 F.3d 934, 937 (7th Cir. 2007); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); *McAdoo v. United States*, No. 1:12cv328, 2014 WL 359043, at *1 (W.D.N.C. Feb. 3, 2014)). Because the face of the proposed complaint indicated that there are other potential beneficiaries to the Estate, and that the Estate had at least one creditor, the Western District found that if Mr. Bratton wanted to proceed with the action, he had to employ the services of an attorney to represent the Estate. *Id.* at 3-4. Accordingly, the court ordered that Mr. Bratton had 30 days to obtain counsel, and that counsel would have an additional 21 days after entering a notice of appearance to file an amended complaint. The court

2
Case 5:15-cv-00260-F Document 6 Filed 08/25/15 Page 2 of 6

warned that the failure to obtain counsel would result in the action being dismissed without prejudice. *Id.*

The record in that case indicates that Mr. Bratton did not cause counsel to enter a notice of appearance, and the Western District dismissed the action without prejudice. *Bratton v. United States Dep't of Justice*, 1:15-cv-0037-MR-DLH, slip. op. at 2 (W.D.N.C. April 8, 2015). Mr. Bratton then filed a document captioned "Notice of New Evidence and Removal or Transfer of Pending Case to the Eastern District of North Carolina"[1] which referenced an action before the undersigned, *United States of America v. State of North Carolina*, 5:12-cv-00557-F. In that action, the United States sued the State of North Carolina, alleging it had violated Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act in the manner it was administering its mental health services. *See United States of America v. State of North Carolina*, 5:12-cv-00557-F, Complaint (E.D.N.C. August 23, 2012). The United States entered into a settlement agreement, and the action was dismissed without prejudice, with this court retaining jurisdiction to enforce the settlement agreement. *See United States of America v. State of North Carolina*, 5:12-cv-00557-F, slip. op. (E.D.N.C. Oct. 5, 2012). Mr. Bratton argued to the Western District that the case should be transferred to this district, and appears to contend that the settlement agreement caused or contributed to Ms. Bratton's death. The Western District denied his motion. *See Bratton v. United States Dep't of Justice*, 1:15-cv-0037-MR-DLH, slip. op. at 2 (W.D.N.C. April 17, 2015).

On June 17, 2015, Mr. Bratton filed a Notice of Appeal from the Western District's April 8, 2015, Order and Judgment. That same day, he initiated the instant action.

In the June 19, 2015, Order [DE-2], this court stated that like the Western District, it has concerns whether Mr. Bratton is the personal representative of the Estate, and it appeared to this

---

[1] Mr. Bratton also attached this Notice to his Application to Proceed in this case [DE-1-3].

court that even if Mr. Bratton *were* the personal representative, it did not appear that he could represent the Estate pro se in this court, given that he is not the sole beneficiary of the Estate and that the Estate has at least one creditor. *See Bratton v. United States Dep't of Justice*, 1:15-cv-0037-MR-DLH, slip. op. at 3 (W.D.N.C. March 2, 2015).

The court ordered that Mr. Bratton had 30 days from the filing date of the order to cause counsel to enter a notice of appearance in this action, and warned that if Mr. Bratton failed to cause counsel to enter a notice of appearance within 30 days of the filing date of the order, the action would be dismissed without prejudice. The court further stated that Mr. Bratton's IFP Application and Motion for Temporary Restraining Order were being held in abeyance, and also observed, in a footnote, that the Fourth Circuit Court of Appeals, in an unpublished per curiam opinion, had denied the IFP applications of an estate, finding that the estate was not a "natural person" within the meaning of 28 U.S.C. § 1915.

The Clerk of Court attempted to serve Mr. Bratton with a copy of the June 19, 2015, Order via U.S. Mail. It was returned as undeliverable on June 30, 2015 [DE-4]. He did not cause counsel to enter a notice of appearance on or before July 22, 2015, the deadline imposed by the June 19, 2015, Order.

On August 10, 2015, Mr. Bratton filed the motion [DE-4] seeking an evidentiary hearing on his proposed motion for temporary restraining order and his request for appointment of counsel. He contends that "as an indigent disabled Black American residing in California" he is "medically unable to litigate a wrongful death lawsuit in Federal and State court . . . ." Mot. for Appointment of Counsel [DE-4] at 2. He notes that he did not receive a copy of the court's June 19, 2015, Order. *Id.* at 9. He also asserts, in an attached affidavit, that "there is no one else legally entitled to represent this matter in this court . . . ." Mot. for Appointment of Counsel [DE-

4

4] at 11. In the second proposed motion filed by Mr. Bratton [DE-5], he details evidence he characterizes as "bombshell evidence" that he contends further supports his request for relief.

As this court previously has explained, there is no indication in the record that Mr. Bratton is, in fact, authorized to represent the Estate. In contradiction to the assertion in his affidavit that he is the only person legally entitled to represent the Estate, he has filed as exhibits portions of documents he filed in state court that suggest that he is not, in fact, the administrator of the Estate, nor is he the sole heir. *See* Mot. for Appointment of Counsel, Ex. B [DE-4-2] (filing in probate court stating he had requested a hearing concerning Marian D. Bratton's position as Estate administrator, and stating that Geena Gee Bratton's heirs included Mr. Bratton as her father along with her mother, her adopted son, and her sisters). Accordingly, the record establishes he may not proceed pro se on the Estate's behalf.

The court does not find good cause, at this time, to appoint counsel in this action. Given that Mr. Bratton did not receive a copy of the court's June 19, 2015, Order, and based on his statements in his filings, the court will allow him an extension of time of an additional 30 days from the filing date of this order to cause counsel to enter a notice of appearance. If Mr. Bratton does not cause counsel to enter a notice of appearance by that deadline, the action will be dismissed without prejudice. The proposed motions [DE-4; DE-5] are DENIED. Mr. Bratton's IFP Application[2] and Motion for Temporary Restraining Order continue to be held in abeyance.

---

[2] The court notes that Title 28, United States Code Section 1915(a), provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action, or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that [demonstrates] that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1). The Supreme Court has held that only natural persons qualify as a "person" under section 1915. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 197 (1993). In light of that holding, the Fourth Circuit Court of Appeals, in an unpublished per curiam opinion, denied the IFP applications of representatives of an estate, finding that the estate was not a "natural person." *In re Estate of Van Putten*, 553 F. App'x 328 (4th Cir. 2014 ) (per curiam) (unpublished), *see also Gray v. Martinez*, 352 F. App'x 656, 657-58 (3d Cir. 2009) (per curiam) (unpublished) ("Because an estate is not a natural person, it may not . . . proceed [IFP].").

SO ORDERED. This the 25 day of August, 2015.

                                                     *James C. Fox*
                                                   James C. Fox
                                                   Senior United States District Judge